

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

abell@seyfarth.com

T (212) 218-5532

www.seyfarth.com

June 5, 2026

**<u>VIA ECF</u>**

Hon. Elizabeth A. Pascal, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 5C
Camden, NJ 08101

Re:     **Marino v. PNC Bank, et al.**
        **<u>Civ. No. 1:25-cv-15950-CPO-EAP (D.N.J.)</u>**

Dear Judge Pascal:

This firm represents Defendants PNC Bank, N.A. (incorrectly named "PNC Bank") and The PNC Financial Services Group, Inc. (together, "PNC" or "Defendants"), in the above-referenced action. We write, jointly with counsel for Plaintiff James M. Marino, in response to the Court's June 1, 2026 Text Order. Based on the reasons below, we respectfully request that the Court endorse the parties' Joint Stipulation and Proposed Consent Order filed at ECF No. 20-1.

By way of background, on May 28, 2026, the parties submitted the Joint Stipulation and Proposed Consent Order directing the New Jersey Department of Labor ("NJDOL") "to **release to attorneys for Defendants**" the unemployment insurance records of Plaintiff James M. Marino (ECF No. 20-1) (emphasis added). The parties' stated reason for requesting the Court's intervention was because the NJDOL's will not release said records without a Court Order. (ECF No. 20). The Court's June 1 Text Order found that the parties "failed to include a copy of the subpoena issued to the NJDOL, or any response to the subpoena" and ordered the parties to "submit a copy of the subpoena issued to the NJDOL and any response therefrom for the Court's consideration."

The reason why we are seeking the Court's endorsement of the Consent Order is to streamline procedures and expedite the release of Plaintiff's NJDOL records to counsel for PNC in accordance with New Jersey law and the NJDOL's prior guidance. Attached hereto as **Exhibit A** is a rejection letter we received from the NJDOL in a prior case in the U.S. District Court for the District of New Jersey, Civ. No. 2:12-cv-06079-DMC-MF. In that case, this firm, as counsel for Defendants, sought the release of Plaintiff's unemployment insurance records by first submitting a signed authorization to the NJDOL. As stated in the NJDOL's response, "[w]here access to the records is being sought **for any reason other than to pursue an appeal under the New Jersey Unemployment Compensation Law, a court order is required directing the release of those records to the requestor**." (*Id.*) (emphasis added).

In short, the NJDOL's long-standing position has been that it will not release unemployment records for purposes other than an unemployment appeal without a court order. This position by



the NJDOL gave rise to the present dynamic where we, as counsel for Defendants, first sought an Order from this Court before submitting a request for Plaintiff's NJDOL unemployment insurance records.

Therefore, we respectfully request that the Court endorse the parties' Consent Order at ECF No. 20-1 directing the NJDOL to release to attorneys for Defendants the unemployment insurance records of Plaintiff.

We thank Your Honor for your attention to this matter.


Respectfully submitted,

*/s/ Alnisa Bell*

Alnisa Bell


Encl.

cc:  All counsel of record (w/ Encl.) (via ECF)