**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| **JAMES M. MARINO,**<br><br>　　　　　　**Plaintiff,**<br><br>　　**v.**<br><br>**PNC BANK, et al.,**<br><br>　　　　　　**Defendants.** | **Civil No. 25-15950 (CPO/EAP)** |

<u>**AMENDED SCHEDULING ORDER**</u>

　　　This Amended Scheduling Order confirms the directives given to counsel at the status conference held pursuant to Federal Rule of Civil Procedure 16 on **June 8, 2026**; and the Court noting the following appearances: **Christine E. Burke, Esquire**, appearing on behalf of Plaintiff; and **Erica L. Stringer, Esquire and Alnisa S. Bell, Esquire,** appearing on behalf of Defendants; and for good cause shown;

　　　**IT IS** this **8th** day of **June 2026,** hereby **ORDERED**:

　　　1.　　**<u>Fact Discovery.</u>**  Pretrial factual discovery is extended to **September 9, 2026**.  All pretrial discovery shall be completed by that date.  All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, prior to the expiration of pretrial factual discovery.

　　　2.　　**<u>Depositions.</u>**  All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).  In addition, all depositions, including video depositions, shall comply with Federal Rule of Civil Procedure 30.

　　　3.　　**<u>Discovery Applications.</u>**  Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention.  *See* L. Civ. R. 37.1(a)(1).  Absent exigent circumstances, the Court expects parties to "meet and confer" in person, by telephone, or video conference before making a discovery application.  Any dispute not resolved shall be brought to the Court's attention by letter after counsel's good faith attempt to resolve the dispute has failed and shall set forth in detail the specific efforts made to resolve the dispute before contacting the Court.  No discovery motion shall be filed without prior leave of Court.  *See* L. Civ. R. 37.1(b).

　　　4.　　**<u>Expert Discovery.</u>**  The parties shall reserve expert discovery until after dispositive motions.

5.      **Dispositive Motions.** Dispositive motions shall be filed with the Clerk of the Court no later than **October 9, 2026**. Opposition to the motion should be served in a timely fashion. Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1 and 78.1, Motion Practice (generally).  This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

6.      The Court will conduct a telephone status conference on **August 28, 2026, at 10:00 a.m.**  Counsel shall dial **1-856-210-8988, access code 133738196#** to connect to the call.  At least three (3) days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist.  No issue will be addressed unless the parties have first conferred pursuant to Local Civil Rule 37.1(a) by speaking in person, by telephone, or by video conference.

7.      Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application. The scheduling deadlines set herein will not be extended unless good cause is shown.  All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER
MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.

2